# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| PEDRO DIAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-cv-1537 |
| | ) |
| SALVADOR GODINEZ, et al., | ) |
| | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 13), filed on May 2, 2014. Defendants argue Plaintiff failed to exhaust the administrative remedies available to him, and seek to have his claims dismissed. Plaintiff did not file a response; thus, under Local Rule 7.1, the Court presumes there is no opposition to the Motion. However, the Court has also independently assured that Defendants' grounds are with merit. Therefore, Defendants' Motion is granted.

### PROCEDURAL HISTORY

Plaintiff, a prisoner proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 on November 13, 2013. (Doc. 1). After a merit review, the Court concluded Plaintiff had stated a conditions of confinement claim related to outdoor recreation cells at Pontiac Correctional Center being covered with ice and snow and contaminated with bodily fluids and feces, hindering his recreation during the winter months. (Doc. 6 at 1-2). A separate claim that Defendants failed to provide

him with adequate winter clothing was dismissed. (Doc. 6 at 1-2). Defendants filed the present Motion for Summary Judgment on the question of whether Plaintiff has properly exhausted his remaining conditions of confinement claim. Merits discovery has been stayed until this preliminary matter is resolved.

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011). If the evidence on record could not lead a reasonable fact-finder to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997).

## RELEVANT FACTUAL BACKGROUND[1]

As noted above, Plaintiff's claim relates to the conditions of his confinement at Pontiac Correctional Center during the winter of 2011–2012. Specifically, he claims the outdoor recreation cells were covered with ice and show, and contaminated with bodily fluids and feces.

---

[1] The facts are drawn from Defendants' Statement of Undisputed Material Facts (Doc. 14 at 2-5) and supported by their exhibits. Because Plaintiff failed to respond, they are considered undisputed.

Grievance logs from the Grievance Officer at Pontiac show no grievances about this specific conduct. The only relatively related grievance was one filed on August 27, 2011, about feces being thrown by inmates in the outdoor recreation areas on three specific dates in August. Records at the Administrative Review Board ("ARB") show this grievance was not appealed to them. They also show that Plaintiff filed only one conditions of confinement-related grievance during the relevant time period, and it related only to his dismissed claim relating to inadequate clothing, not to the remaining claim about the outdoor cells.

## DISCUSSION

A prisoner filing suit under 42 U.S.C. § 1983, complaining of prison conditions, can only proceed if "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust available administrative remedies, the prisoner "must follow the rules governing filing and prosecution of a claim." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007). The failure to exhaust administrative remedies is an affirmative defense, and the burden of proof rests on Defendants. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

In Illinois, the procedure a prisoner must follow to file a grievance is set forth in the Illinois Administrative Code. It requires that prisoners attempt to resolve the matter informally, and if that is unsuccessful, to file a grievance, addressed to the Grievance Officer, within sixty days of the incident, that contains factual details "including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." Ill Admin. Code tit. 20,

§ 504.810. The Grievance Officer considers it and reports to the Chief Administrative Officer, who informs the prisoner of the outcome, and the prisoner can then appeal to the Administrative Review Board. *Id.* §§ 504.830, .850.

Here, the records of the Grievance Officer and the ARB show Plaintiff filed no relevant grievance. The grievance filed on August 27, 2011, about feces being thrown by inmates in the outdoor recreation areas, predates Plaintiff's claim and relates only to three specific August dates on which that occurred, not about the specific conditions Plaintiff complains of in his Complaint. The conditions of confinement claim filed with the ARB during the relevant time frame relates only to his dismissed claim about inadequate clothing. The undisputed facts show Plaintiff did not file a grievance about his claim currently before the Court regarding the condition of the outdoor cells. Accordingly, he has not exhausted his administrative remedies regarding this claim, and his claim must be dismissed without prejudice for failure to exhaust administrative remedies. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice. . . .").

## Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. 13) is GRANTED. Plaintiff's remaining claim is DISMISSED WITHOUT PREJUDICE. The clerk of the court is DIRECTED to enter judgment in favor of Defendants and against Plaintiff. Plaintiff must still pay the full docketing fee of $350.00. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P.

4(a)(1). A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the full $505.00 appellate filing fee regardless of the outcome of the appeal.

CASE TERMINATED.

Entered this 14th day of August, 2014.

                                                s/ Joe B. McDade
                                               JOE BILLY McDADE
                                    United States Senior District Judge